**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Hatch, | No. CV-20-02223-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Pearson Education Incorporated, | |
| Defendant. | |

Pending before the Court are Defendant Pearson Education, Inc. ("Pearson") and Plaintiff Joshua Hatch's Motions to Seal (Docs. 65 and 84, respectively). For the reasons below, the motions are denied.

**DISCUSSION**

A party seeking to seal "motions for summary judgment and related attachments" must overcome a "strong presumption of access to judicial records" and articulate "compelling reasons supported by specific factual findings" that justify sealing the records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Potential revelations of trade secrets, business strategies, and proprietary information can be "compelling reasons" that justify motions to seal because such revelations "harm a litigant's competitive standing." *Foltz vs. State Farm Mut. Auto, Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 593, 598 (1978). "If the court agrees that the party's compelling reasons outweigh the public's right to

access, it must 'articulate the factual basis for its ruling, without relying on hypotheses or conjecture.'" *New Phase Dev. LLC v. Cook*, No. 4:13-CV-00520-REB, 2016 WL 1755374, at *3 (D. Idaho May 2, 2016) (quoting *Kamakana*, 447 F.3d at 1178–79).

First, Defendants have asked the Court to seal hundreds of pages marked "confidential." Defendant's Motion must be denied because they have included non-confidential, public documents along with the documents they wish to seal, and "it is not possible to seal only certain documents filed together with public documents." *Doe v. Ariz.*, No. CV-18-00384-PHX-GMS, at *1 (D. Ariz. Apr. 11, 2019). Further, on many pages marked confidential (notably within deposition transcripts) Defendants have not identified which portions of the documents should be redacted, nor have they provided discrete justifications for why the Court should seal these documents. *See Marsteller v. MD Helicopter Inc.*, No. CV-14-01788-PHX-DLR, 2017 WL 5479927, at *3 (D. Ariz. Nov. 15, 2017) (denying a motion to seal because of defendant's failure to isolate portions of documents that would cause harm with "clarity and specificity"). While Defendants offer generalized reasons in support of their Motion, the Court will not independently evaluate each document marked "confidential" and hypothesize about which generalized reason supports sealing the document. (Doc. 65 at 2.) More specificity is required to succeed on a motion to seal.

Next, Plaintiffs have asked the Court to seal various exhibits "for the reasons outlined in Defendant's Motion to Seal." (Doc. 84 at 1.) Both parties agree that these documents are confidential and should be sealed. (*See, e.g.*, Doc. 68-2 at 36, 50.) Nevertheless, for all the reasons Defendant's Motion fails, so does Plaintiff's: his documents are not partially redacted, marked as confidential, or separated from public documents. Additionally, as with its own Motion to Seal, Defendant has not offered sufficiently specific reasons for sealing these documents. Accordingly, the Court denies Defendant and Plaintiffs' Motions to Seal without prejudice.

## CONCLUSION

The parties may refile their Motions with particularized requests and properly

redacted documents by December 9, 2022.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Seal Document re: Motion for Summary Judgment (Doc. 65) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal (Doc. 84) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the parties shall refile their Motions to Seal with specific requests and properly redacted documents no later than **December 9, 2022**.

Dated this 18th day of November, 2022.

_____
G. Murray Snow
Chief United States District Judge